# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

Stephanie Looper and Kelvin Looper,

    Plaintiffs,

v.

Austin Cluck and Ryan Robison,

    Defendants.

Case No. 19-CIV-158-RAW

## OPINION AND ORDER

Before the court are Plaintiffs' Complaint [Docket No. 2] and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") [Docket No. 3]. The motion for IFP is granted. Plaintiffs filed this lawsuit against the Defendants alleging they violated Plaintiffs' civil rights by kidnapping their children on March 27, 2018. Defendants are deputies of the Cherokee County Sheriff's Office.

The court construes Plaintiffs' allegations liberally as they are *pro se*. *See Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiffs' arguments, throughout the Complaint, are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

## 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

> **(B)** the action or appeal--
>> **(i)** is frivolous or malicious;
>> **(ii)** fails to state a claim on which relief may be granted; or
>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994). In the instant case, the court finds there is no cognizable claim under the statutes cited by Plaintiffs.

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.s. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265. 286 ( 1986)). A complaint need not contain "detailed factual allegations," but it must, however, provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal.* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. It does not suffice if a complaint provides "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" Id. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

## Caution to Plaintiffs

The court notes that Plaintiffs have filed six civil cases in this court. Plaintiffs are represented by counsel in one of those cases, which is pending. Five of the cases have been filed since August 2017. Four cases have been dismissed by the court, and Plaintiffs proceeded *pro se* in each of those matters. The court cautions Plaintiffs that continuing to file frivolous actions may result in filing restrictions being imposed against Plaintiffs.

## Conclusion

Plaintiffs' Motion for Leave to Proceed *in Forma Pauperis* [Docket No. 3] is granted.

The court finds that the allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiffs' action is frivolous, and that Plaintiffs fail to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Dated this 22nd day of May, 2019.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA